UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

REGINALD SILER,

                Petitioner,

     -against-

SUPERINTENDENT J. LAMANNA,

                Respondent.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

17 Civ. 5996 (GBD)(SN)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Petitioner Reginald Siler seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss Petitioner's petition as untimely under the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1).[1] (*See* Mot. to Dismiss Memorandum of Law ("ML"), ECF No. 16, at 3.) Before this Court is Magistrate Judge Sarah Netburn's Report and Recommendation ("Report," ECF No. 18), recommending that this Court grant Respondent's motion to dismiss. (Report at 7). In her Report, Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal.[2] (*Id.* at 8.) Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

[2] The only objection filed was by Respondent to a single statement in the Report. While agreeing with the Report's ultimate conclusion, Respondent objected to the Report's statement that "Respondent does not contest that [Petitioner] underwent surgery." (Report at 6.) While Respondent did note in its motion papers that Petitioner's "passing and unsubstantial references to vague medical issues . . . such as surgery on September 14, 2016 . . . fall well short of the showing required for him to be entitled to equitable tolling," (ML at 5), Respondent's objection does not alter the ultimate conclusion of the Report, which Respondent agrees with.

## I. LEGAL STANDARDS

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1). This Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or merely perfunctory objections have been made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, No. 14-CV-3515 (VEC)(MHD), 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (citations omitted).

The Federal Rules of Civil Procedure may be applied to the proceedings of a case arising under 28 U.S.C. § 2254. *See* Fed. R. Civ. P. 81(a)(4). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires pleading facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When the plaintiff is proceeding pro se, the court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that [it] suggest[s]." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted and citation).

## II. RESPONDENT'S MOTION TO DISMISS IS GRANTED

The Report correctly found that Petitioner's August 2, 2017 habeas petition is time-barred under 28 U.S.C. §2244 (d)(1), and that Petitioner failed to allege adequate grounds for an equitable

tolling of the statute of limitations. (*See* Report at 6–7.) The Antiterrorism and Effective Death Penalty Act requires a state prisoner whose conviction has become final to seek federal habeas corpus relief within one year from the date of final judgment. 28 U.S.C. § 2244(d)(1)(A). Petitioner's conviction became final on July 17, 2016, 90 days after the New York Court of Appeals denied Petitioner's motion for leave to appeal on April 18, 2016.[3] (Report at 6.) Yet, Petitioner did not file his petition until August 7, 2017, more than a year after his conviction became final. (ECF No. 1.) Petitioner failed to allege some "extraordinary circumstance[]" that prevented timely filing and could constitute a legally sufficient basis for an equitable tolling of the statute of limitations. (Report at 6.) Thus, Petitioner's habeas petition should be dismissed as time-barred.

### III.  CONCLUSION

Magistrate Judge Netburn's Report and Recommendation is ADOPTED. Respondent's motion to dismiss is GRANTED.

The Clerk of Court is directed to close the motion at ECF No. 14 and this case.

Dated: New York, New York
       August 2, 2018

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[3] Petitioner did not subsequently seek a writ of certiorari to the United States Supreme Court. (Report at 2.)